McCooe, J.
(concurring). I concur in the result. This four-
year-old plaintiff sustained serious injuries to her face when the defendants’ dog knocked her down and bit her numerous times while she was in the defendants’ home. There is no evidence offered by either side to explain the circumstances surrounding the attack, particularly why the dog attacked her. The plaintiff was alone at the time with the dog and it is undisputed that she was given at least one dog biscuit to feed the dog.
I would deny the motion on the ground that the record is inadequate since it fails to explain what interaction was taking place, if any, between the plaintiff and the dog to explain why a dog would suddenly knock to the ground and viciously attack the plaintiff with multiple bites to the face after she had been in the house for a period of time. Common experience, rather than mere speculation, points to the dog biscuit or biscuits as being a trigger for the attack especially if the dog was teased over the food or she tried to take back a biscuit from the dog’s mouth. Anyone owning a dog knows that feeding one’s own dog requires common sense, often learned after you try and move the filled dog dish. Giving food to and allowing an unsupervised four year old to feed a strange dog might show a lack of common sense and raise a factual issue as to a lack of due care by the dog’s owner as to the infant plaintiff.
The now eight-year-old plaintiff should be given the opportunity to testify at a trial as to what occurred or, at the least, her deposition should be taken before there is a summary disposition, if she is found competent. If she has no recollection of the event she can so state.
Parness, P. J., and Gangel-Jacob, J., concur; McCooe, J., concurs in a separate memorandum.